## BUCKINGHAM *v.* PORTER and others.

(*Circuit Court, D. California.* September 1, 1884.)

1. PATENTS FOR INVENTIONS—INFRINGEMENT—BOOTS—PATENT No. 204,068.

A patent for a boot, consisting of an inside counter-protector at the back of the boot, with the sides extending over the cross-seams at the sides of the boot, fastened by a row of stitching beyond the eye-seams, by which they are covered and protected, is not infringed by a boot having an outside counter-protector extending into and fastened by seams lapped at the side of the boot and extending no further and not fastened by stitching outside of the lapped seams.

2. SAME—NOVELTY—BOOTS—PATENT No. 214,684.

Patent No. 214,684, in so far as it claims an outside counter-protector with lateral ends extending to the side seams of the boots inserted in the side

seams formed by doubling down the back and front leathers of the boot, with or without welts, and stitching all together to form the seams, is void for want of novelty.

In Equity.
*M. A. Wheaton*, for plaintiff.
*John L. Boone*, for defendants.

SAWYER, J. This is a suit upon two patents for improvements in the manufacture of boots. The first patent is number 204,068, dated May 21, 1878. It provides for a counter and counter-protector at the heel of the boot on the inside at the back of the boot. "To the inside of the back, B, is secured one end of a protector, E, which extends from a point about half way up the boot-leg, where it is stitched to the back, down to the bottom of the stiffening, or counter, D, and is turned under the heel with the counter. The sides, F, of the protector, E, extend to points in front of the eye-seams, C, as shown in figures 2 and 3 in drawing, and are there secured by single rows of stitching, G." The claim of the patent is: "A counter-protector, *as hereinbefore described*, extending from a point in front of one eye-seam over the seams to a point in front of the opposite eye-seam, *substantially as described*." The boot claimed to be an infringement of this claim has a counter-protector on the outside, and not on the inside of the boot. It is extended to the edge of a lapped seam, but does not extend around beyond the seam. The party alleging an infringement insists that being on the outside does not make any difference; that it is a mere change of the location. That would be so, if the specification and claim did not make the location a part or element of the invention and an element in the claim which is specifically done here. It is stated to be on the inside, and passes from one eye-seam around beyond the other eye-seam, and then stitched outside the eye-seam beyond, so as to cover, protect, and strengthen the eye-seam, and make a smooth seam there; one that will not chafe the leg. It is particularly described as being on the inside. Besides, there were several other boots with outside counter-protectors extended and fastened by a line of stitching beyond the seams introduced in evidence. They were introduced both for the purpose of showing an anticipation and also the state of the art. Supposing that they were inadmissible, as showing anticipation, as claimed by complainant, for want of notice, they were still admissible, as showing the state of the art.

The uncontradicted testimony shows that this mode of construction with outside protectors had been in use for years; the outside protector passing over beyond the eye-seam, and being stitched on the opposite side of the seam. This being so, the claim of complainant's patent must be construed, not only with reference to the specific language of the specification and claim, but also with reference to

the state of the art. If I should construe this specification and claim as including an outside counter-protector, the improvement claimed would, unquestionably, be anticipated by those boots. But we must suppose that the patentee did not intend to include in his claim an element which would destroy the novelty, and confine his claim to an inside protector, as he states it to be in his specifications. The express language of the specification is "inside." I, therefore, think, in view of the language, and state of the art, that the counter-protector on the outside is not to be deemed an equivalent for the one on the inside.

Besides in the boot that is claimed to be an infringement, in addition to its not having the counter-protector on the inside, the counter-protector does not extend beyond the eye-seam, C, and it is not fastened by a line of stitching beyond the eye-seam. It only extends into the seam, and is there stitched as a part of the lapped seam. This extension and fastening by a line of stitching beyond the eye-seam is one of the elements of this claim. It is not such a boot in this particular as is here described in the specifications and claim; and in that respect, also, it fails to have one of the elements that make up the claim in this patent. It is clearly not an infringement of the patent, and the complainant cannot recover on that ground.

The same boot is claimed to infringe another patent in suit which the complainant owns, No. 214,684. This patent was issued to one of the same parties to whom the preceding patent was granted; and this patent claims an outside counter-protector. Evidently the patentee did not understand that an outside counter-protector was covered by his prior patent for an inside counter-protector. He describes his invention in this way: "E is the counter-protector extending vertically on the outside of the counter to a point considerably above the same, where it is secured by a row of stitches, A. The lateral ends of the counter-protector pass to the interior of the boot, through the eye or side seams." Instead of passing over the eye or side seams and being stitched on the other side, it passes through the eye-seam to the interior of the boot, and then passes beyond and is stitched to the inside. The ends "pass to the interior of the boot through the eye or side seams, and are fastened either by the stitches which form a part of the side seams alone or by the said stitches and one or more additional rows of stitches." The patentee has so framed his specifications and claim, as to cover both cases; either the end of the protector combined with the side seam and stitched in with it and ending with the seam alone, or as stitched in with it, and then passing on beyond and fastened by other lines of stitching beyond the side seam, similar to that in the preceding patent. He has given us a great many drawings in his specifications—eleven different drawings—intending to cover, doubtless, every possible form of fastening the counter-protector in the seam, and beyond the seam. The only one of them which the

boot in evidence can possibly be regarded as infringing is No. 11. The protector in this boot does not pass through and beyond the seam as in No. 8, but is stitched in with the eye-seam or side seams, and ends with the seam of which it forms a part; whereas, in No. 8, the protector, after being stitched in the seam, passes beyond and is stitched again inside beyond the seam, as in the preceding patent. There is nothing of that kind in the boot claimed to be an infringement. In fact, the boot has not got an eye-seam at all in that part covered by the counter. It is a lapped seam, but if it were an eye-seam it would doubtless be covered by drawing No. 11 in this patent, and that is the only one that could cover it. It is not an eye-seam, but a lapped seam. Considering the point, then, in the most favorable light for complainant, the lapped seam would be the equivalent of the eye-seam; and so construing it and holding it to be the equivalent of the eye-seam, as the counter-protector passes around and into the seam and is stitched with it and ends with the eye-seam, I say, considering that lapped seam as the equivalent of the eye-seam, it would probably be covered by this branch of the claim found in drawing No. 11. But, unfortunately for the complainants, the complainant, Buckingham, himself testifies that he saw long before any of these patents were issued boots that were made in the same way. He was asked directly by counsel for the defendant, on cross-examination, if he had not seen that kind of boot, and he said he had; he had seen them where the back and front leathers of the boot were folded down and a welt put in between them and stitched through. He said he had seen them. He was then asked if he had not seen boots having this outside counter-protector, with the front and back leathers doubled down, a similar welt put in, and also the ends of the counter-protector inserted with the welt, and all stitched through with the back and front leathers; the welt and the ends of the counter-protector stitched together in the side seam; and he said he had seen them repeatedly, long before these patents. That is exactly what this part of the claim represented by drawing No. 11 is, and so it is in the infringing boot. The protector is stitched into the lapped seam between the front and back leathers, and does not extend beyond the seam. It ends right there with the seam. The back and front of the boot are lapped over and a welt put in or omitted, as the case may be, and the ends of the counter-protector inserted with or without the welt between the front and back leathers, and stitched right through the two sides of the boot, the welt and the counter-protector; and the protector ends with the seam as in diagram No. 11. It is, therefore, precisely the same thing as this in drawing No. 11, conceding the lapped seam to be an equivalent for the eye-seam. If not an equivalent, then certainly there is no infringement. As to that part of the claim, therefore, the patent is void for want of novelty, and the uncontradicted testimony of the plaintiff himself proves the fact. So that, conceding this boot to be an infringement of this part

of the claim, the patent as to that part is void for want of novelty. There must, therefore, be a decree dismissing the bill as to both patents, and it is so ordered.